UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CLAUDIA W. BITTNER, *et al.*, | Case No. 3:16-cv-00151 |
| Plaintiffs, | Magistrate Judge Sharon L. Ovington (By consent of the parties) |
| vs. | |
| WALMART STORES EAC, INC., aka Wal-Mart Stores East, LP, *et al.*, | |
| Defendants. | |

# DECISION AND ENTRY

## I. Introduction

Plaintiff Claudia W. Bittner fell and fractured her right wrist while walking into a Sam's Club store in Washington Township, Ohio. She and her husband seek to recover damages from Defendants Sam's Club and its owner, Walmart Stores East, Inc., under theories of negligence, failure to supervise, and loss of consortium. The case is presently before the Court upon Defendants' Motion for Summary Judgment (Doc. #18), Plaintiffs' Memorandum in Opposition (Doc. #21), Defendants' Reply (Doc. #22), and the record as a whole, including (in part) a video of the incident in question and photographs of the scene.

## II. Background

On a clear, dry spring morning, Plaintiff Claudia Bittner (Plaintiff) and her grandson stopped at a Sam's Club to get gas for her car. When she attempted to use her

Sam's Club membership card, she discovered it had expired. To renew her membership, she needed to enter the Sam's Club store.

Unbeknownst to Plaintiff or her grandson before they began walking towards the Sam's Club, a crack existed in the surface of the crosswalk in front of the store. Plaintiff testified during her deposition, "there was a crack in the asphalt, a pretty big crack, and my heel caught in that crack and I went down on my right wrist and completely broke my wrist." (Doc. #17, *PageID* #104, deposition p. 22). She described the crack as "[a]t least one inch wide and one inch deep" but did not know if it was greater than one inch deep. *Id*. at depos. pp. 23-24. She did not see the crack until after she fell. *Id*. at depos. p. 23. Rather than looking down as she walked, she was looking at the store. *Id*. at depos. p. 41.

Plaintiff's grandson states in his sworn declaration, "As I traversed the parking lot with Plaintiff Claudia Bittner, my attention was directed to the store and I was checking for vehicular and pedestrian traffic…. After Plaintiff … fell, I could immediately see that the asphalt in that area of her fall had a long, large crack in it." (Doc. #21, *PageID* #159-60).

Plaintiff's broken wrist caused her "horrible" pain. *Id*. at depos. p. 26. An emergency squad took her to a nearby hospital where her wrist was temporarily set. It appears that she was not hospitalized overnight. *See id*. at 29-30. The next morning she saw Dr. Alzsmkary, an orthopedic surgeon. He examined her swollen wrist and placed it in another temporary cast. Five days after Plaintiff fell, Dr. Alzsmkary performed surgery on her right wrist and "put a plate in …." *Id*. at depos. p. 30. Her later treatment included physical therapy.

On the day Plaintiff fell, Daniel Swain was working as the Produce Grocery Manager at the Sam's Club in Washington Township. He states in his sworn declaration that he coordinated an investigation per company policy. He verifies that Defendants have submitted a true and accurate copy of a video showing Plaintiff's "incident." (Doc. #18, *PageID* #134). He also explains, "[A]s part of that investigation, I examined the crack in the asphalt of the crosswalk, where Ms. Bittner claims to have tripped and fallen…. The subject crack was approximately one inch across, several feet long, and no deeper than one inch in depth. I am sure that no part of the crack was deeper than one inch in depth." *Id*.

### III. **Summary Judgment**

A party is entitled to summary judgment when the there is no genuine dispute over any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011). The burden is on the moving party "to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial." *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

To resolve whether a genuine issue of material fact exists, the Court draws all reasonable inferences from the underlying facts in the light most favorable to the non-moving party. *Richland Bookmart, Inc. v. Knox County, Tenn.*, 555 F.3d 512, 520 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

587-88 (1986)). With the reasonable inferences in the forefront, "[t]he central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Jones v. Potter*, 488 F.3d 397, 402-03 (6th Cir. 2007) (quoting, in part, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) and citing *Matsushita Elec.*, 475 U.S. at 587).

## IV. Discussion

### A. Causation

Defendants contend that they are entitled to summary judgment due to Plaintiff's inability to positively identify a cause of her fall "tied to the condition of the premises." (Doc. #18, *PageID* #127). In support, Defendants rely on *Russell v. Creatif' Catering, Inc.*, No. 17031, 1998 WL 833811, *2 (Ohio App. Dec. 4, 1998), which indicates, "When the cause of a fall cannot be identified, a finding of negligence is precluded." (citing *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 67-68 (1989)). Assuming this correctly captures Ohio law, Plaintiff's own testimony raises a reasonable inference that the crack in the surface of the asphalt caused her to fall. Although she did not see the crack until after she fell, she stated that her "heel caught in that crack and I went down …." (Doc. #17, *PageID* #104, depos. p. 22). A jury crediting such testimony could reasonably infer that the crack caused her fall. This testimony, moreover, distinguishes the present case from *Russell* where the plaintiff could not say during her deposition what caused her to fall and could not identify pictures of the location where she allegedly fell. *Russell*, No. 17031, 1998 WL 833811, *2.

4

Defendants find Plaintiff's account of slipping/tripping in the crack at odds with the video of Plaintiff's fall. Defendants point out that the video shows the crack readily visible in the ninth crosswalk stripe in front of the Sam's Club. Defendants further explain that the video shows Plaintiff "began to fall much nearer to the store, in the seventh crosswalk stripe." (Doc. #18, *PageID* #127). Defendants argue that the video establishes these undisputed physical facts, and these facts positively contradict Plaintiff's testimony that the crack caused her to fall. Defendants conclude that it is appropriate for the Court to ignore Plaintiff's testimony because it is obviously inconsistent with the undisputed physical facts portrayed in the video.

The foundation of Defendants' argument is flawed because the video is blurry and does not plainly show what caused Plaintiff to fall. Defendants are correct that the video shows Plaintiff landing at the seventh line of the crosswalk and, consequently, nearer to the store than the ninth line in the crosswalk. But the video raises two reasonable competing inferences about the cause of her fall. In Defendants' favor, a jury viewing the video could reasonably conclude that the crack did not cause Plaintiff to fall because she landed too far forward of the crack. In Plaintiff's favor, a jury could reasonably conclude from the video that the crack caused her to fall on the seventh crosswalk stripe due to her forward momentum. Given these competing reasonable inferences, Defendants' contentions—that the physical facts portrayed in the video are undisputed and that Plaintiff's deposition testimony can therefore be ignored on summary judgment—lack merit.

### B. Negligence, Duty, And The Open And Obvious Doctrine

Three elements form the bedrock of negligence in Ohio: a legal duty, a breach of that duty by the defendant, and an injury to the plaintiff proximately caused by the defendant's breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465-66 (6th Cir. 2012) (citing *Jeffers v. Olexo,* 43 Ohio St.3d 140, 539 N.E.2d 614, 616 (1989)).

The parties' present dispute concerns what legal duty, if any, Defendants owed Plaintiff at the time she fell. Addressing this question, the parties correctly work from premise that Plaintiff was a "business invitee." *See Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 122-23 (2009). Given Plaintiff's business-invitee status, Defendants owed her the duty "'to exercise ordinary care and to protect [her] by maintaining the premises in a safe condition.'" *Id*. at 123 (quoting *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986)). This duty did not require Defendants to insure Plaintiff's safety while she visited the Sam's Club, *id.*, but it did require Defendants "to warn [her] of latent or hidden dangers." *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 80 (2003) (citations omitted); *see Chambers v. Total Renal Care, Inc.*, No. 2015 WL 545166, at *2 (S.D. Ohio 2015).

Defendants argue that the duty of ordinary care generally due to business invitees is nullified here because the crack Plaintiff identified as the cause of her fall was an "open and obvious" hazard. Plaintiff contends that a genuine issue of fact exists concerning whether the defect in the pavement was open and obvious.

"'Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.'" *Lang*, 122 Ohio St.3d at 123 (quoting *Armstrong*,

6

99 Ohio St.3d 79, syllabus). "The open and obvious nature of the hazard itself serves as a warning…," *Armstrong*, 99 Ohio St.3d at 80, to business invitees. "[T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* (citations omitted); *see Lang*, 122 Ohio St.3d at 123.

"A hazard is open and obvious when [it is] in plain view and readily discoverable upon ordinary inspection." *Mohn v. Wal-Mart Stores, Inc.*, 2008-Ohio-6184, ¶ 14, 2008 WL 5053445, at *4 (3rd Ohio App. 2008) (citing *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 51 (1989)). Whether a hazard exhibited these characteristics is determined by examining the facts and circumstances objectively (from the standpoint of reasonableness) rather than subjectively (from the plaintiff's standpoint). *See Alsbury v. Dover Chem. Corp.*, 2009 -Ohio-3831, ¶ 61, 2009 WL 2374333, at *7 (5th Ohio App. 2009). "The fact that a particular [plaintiff] herself is not aware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent." *Id.*; *see Armstrong*, 99 Ohio St.3d at 82 ("The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.").

Viewing the facts in Plaintiff's favor, there is no genuine dispute that the crack she encountered, viewed from a reasonable person's vantage point, constituted an open and obvious danger. The third photograph attached to Plaintiff's response, along with the

7

photographs Plaintiff identified during her deposition, show the crack in plain sight and reveal that it was wide enough and long enough for a reasonable person to discover it upon ordinary inspection. (Doc. #17, *PageID* #s 108, depos. pp. 39-40; *PageID* #s 117-18). Plaintiff's deposition testimony tends to bolster this conclusion. Although she testified that she did not see crack before she fell, she acknowledged that she was not looking down. *Id.*, *PageID* # 104, depos. p. 22. She indicated that after she fell, "we looked at it…," referring to herself and her grandson. *Id.* at p. 23; Doc. #21, *PageID* # 160. Plaintiff acknowledged that if she had been looking down, rather than looking at the store, she would have seen the crack. (Doc. #17, *PageID* #109, depos. p. 41). Plaintiff's grandson similarly states in his declaration, "After Plaintiff Claudia Bittner fell, I could immediately see that the asphalt in that area had a long, large crack in it." (Doc. #21, *PageID*#160). Viewing these facts and the photographs from an objective standpoint, the crack that Plaintiff encountered was in plain view and readily discoverable by a reasonable person upon ordinary inspection. The crack therefore presented an open and obvious hazard. Defendants had no legal duty to warn Plaintiff about the open and obvious danger the crack presented. *See Armstrong*, 99 Ohio St.3d at 79; *see Backus v. Giant Eagle, Inc.*, 115 Ohio App.3d 155, 158 (7th Ohio App. Dist. 1996) (summary judgment warranted where photographs showed defect in blacktop was open and obvious).

     Plaintiff contends that the dark color of the uneven pavement and the general condition of the pavement as depicted in photographs attached to her response create a genuine issue of fact as to whether or not the hazard was, in fact, open and obvious.

Contrary to Plaintiff's contention, the dark color of the pavement depicted in these photographs and the color difference between the crack and the surrounding asphalt did not camouflage it or otherwise show that it was a hidden or latent defect. Additionally, the general condition of the pavement and the length and width of the crack, particularly as it appears in the third photograph, show that it was not a latent defect. Instead, a reasonable person walking near the crack would have readily discovered it upon ordinary inspection. *See* Doc. #21, *PageID* #163.

Plaintiff further argues that even if the crack was open and obvious, Defendants still had a duty to protect her from it. She reasons, based on *Edwards v. Target Corporation*, 941 F.Supp.2d 834 (W.D. Ky. 2013), "a possessor of land, such as Defendants, can have a duty to protect its invitees from an open and obvious danger on the premises if it is foreseeable to the possessor that the invitees will be harmed by the danger despite its open and obvious nature." (Doc. #21, *PageID* #153). This proposition, however, is based on Kentucky law, which does not apply in the present case. Ohio substantive law applies in the present diversity case. *Erie Railroad Co. v. Tompkins*, 304 U.S 64, 78 (1938); *see Lutz v. Chesapeake Appalachia, L.L.C*., 717 F.3d 459, 464 (6th Cir. 2013). Plaintiff, moreover, does not cite a case that identifies, under Ohio law, a foreseeability-of-harm exception to the open and obvious doctrine.

Plaintiff further maintains that even if the crack constituted an open and obvious danger, Defendants owed her a duty to provide a reasonably safe means of ingress and egress to the Sam's Club she was visiting. There is, however, no genuine dispute over the fact that Plaintiff could have avoided the crack by simply walking around it and

9

safely entering the Sam's Club.  In other words, the crack did not block the much wider entranceway such that it prevented Plaintiff or other invitees from safely entering and leaving the Sam's Club.  The video confirms this by showing many people safely entering and exiting the Sam's Club despite the presence of the crack.  For these reasons, the evidence fails to create a genuine dispute over the fact that Defendants provided Plaintiff with a reasonably safe means of entering and leaving the Sam's Club at the time she fell.

Plaintiff next tacks in a different direction by contending that Defendants failed to satisfy their duty to inspect their property for hazardous conditions and repair them.  Plaintiff also posits this in her Complaint, as an alternative claim.  (Doc. #3, *PageID* #s 60-61).  Plaintiff bases this contention and, apparently, her alternative claim, on *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286 (6th Cir. 1999).  Yet, the duty to inspect identified in *Smith* arose under Georgia law.  *See id*. at 292 (quoting *Brown v. Who's Three, Inc.*, 217 Ga. App. 131, 457 S.E.2d 186, 192-93 (1995)).  Plaintiff does not cite a case establishing that under Ohio law, this duty to inspect and repair overrides the open and obvious doctrine.  Plaintiff further argues, "Defendants' liability is based upon their superior knowledge that the crack in the pavement would likely present an unappreciated hazard to persons using or traversing the crosswalk toward the entrance of the store.  Defendants may be liable if the danger was one that they should have expected a visitor would not realize."  (Doc. #21, *PageID* #156) (citations omitted).  The problem with these contentions is that because the crack was open and obvious, Ohio law permits Defendants to expect invitees, like Plaintiff, to realize the danger it posed and to protect themselves

10

from it.  *See Armstrong*, 99 Ohio St.3d at 80; *see Lang*, 122 Ohio St.3d at 123 (and cases cited therein).

Accordingly, Plaintiff's negligence claim and failure to supervise claim fail as a matter of law due to the absence of a genuine issue of material fact regarding the open and obvious hazard presented by the crack she encountered.  *Lang*, 122 Ohio St.3d at 123 ("[W]hen a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law.").[1]  Lastly, Plaintiff's husband's loss of consortium claim fails due to the absence of a triable negligence claim.  *See Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 93 (1992) ("[A] claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury.").

**IT IS THEREFORE ORDERED THAT**:

1. Defendants' Motion for Summary Judgment (Doc. #18) is GRANTED;

2. The Clerk of Court is directed to enter Judgment in favor of Defendants and against Plaintiff; and

3. The case is terminated on the Court's docket.

June 19, 2017                                         *s/Sharon L. Ovington*
                                                                Sharon L. Ovington
                                                                United States Magistrate Judge

---

[1] In light of this conclusion, there is no need to address Defendants' contention that they are entitled to summary judgment based on the two-inch rule.  *Cf. Cramer v. McCray*, 2005 -Ohio- 5507, ¶ 8, 2005 WL 2659916, at *2 (2nd Ohio App. 2005)  ("the two-inch rule is separate from the open and obvious doctrine").